UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

QUENDRA GERMOSEN,

Defendant.

13-CR-004

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Quendra Germosen pled guilty to a lesser-included offense within Count One of a two count indictment. The indictment charged defendant with importing heroin into the United States. *See* 21 U.S.C. §§ 952(a), 960(b)(3). The remaining Count was dismissed.

Defendant arrived in New York on a commercial flight from the Dominican Republic in December 2012. During routine questioning by Customs and Border Protection officers, defendant appeared nervous and provided conflicting statements regarding the purpose of her trip. After consenting to an x-ray examination, defendant volunteered to the officers that she had swallowed pellets containing an illegal substance. An x-ray was performed at the medical facility at John F. Kennedy International Airport and revealed foreign objects in defendant's intestinal tract. Defendant later passed six pellets containing 50.1 grams of heroin.

Defendant had agreed to swallow forty-seven heroin pellets in total for $100 each. She ceased after six pellets because she changed her mind about ferrying the drugs and grew concerned about the consequences of being caught.

Germosen was sentenced on November 5, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is eight and defendant's criminal history is category I. The Guidelines range of imprisonment is between zero and six months, and the fine range is $1,000 to $10,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4) (Nov. 2012). The calculation of the total offense level included a two-point reduction because defendant provided a full and truthful statement regarding the instant offense, a four-point reduction because defendant was a courier and therefore a minimal participant in the offense, and

a two-point reduction for acceptance of responsibility. *See id.*, §§ 2D1.1(b)(16), 3B1.2(a), 3E1.1(a). Defendant's offense level was reduced an additional four levels pursuant to the government's recommendation for retroactive application of the newly adopted early disposition program for couriers. *See id.* at § 5K3.1.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 960(b)(3). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 21 U.S.C. § 960(b)(3) and 18 U.S.C. § 3561(a), (c)(1). The Guidelines advise against probation. *See* U.S.S.G. § 5B1.1, comment. (n.2).

Germosen was sentenced to ten days of time served and three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any, in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Germosen imported heroin into the United States. This is a serious, but aberrant, offense. Germosen has no prior convictions. Her role was limited to that of a courier.

Defendant, now twenty-one years old, was born in the Dominican Republic and is a Dominican citizen. Until approximately 2012, she lived with her mother, grandmother, and two half-siblings in the Dominican Republic. She was raised in a middle-income household.

Defendant's mother worked during her childhood and was able to provide defendant and her siblings with the basic necessities. Defendant remains close to her mother, who still resides in the Dominican Republic. Defendant's father moved to the United States when defendant was young. She saw him infrequently, but reports that their relationship is improving. He resides in South Carolina and is disabled.

Prior to coming to the United States, defendant was studying accounting in college in the Dominican Republic. She stopped her studies because her mother was laid off and could no longer afford to assist with defendant's tuition and expenses. In February 2012, defendant moved to the United States under her father's permanent residency sponsorship. Since her arrest, defendant has lived in Waterbury, Connecticut with her paternal half-sister and her former stepmother. Her half-sister and stepmother attended the sentencing hearing and spoke in support of the defendant.

Defendant has never been married and has no children. She has held a series of jobs in the United States. Since March 2013, she has worked as a waitress in Waterbury, earning enough to support herself. She has also been attending adult language classes to learn English and has enrolled in a course at the Naugatuck Valley Community College.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. In the present matter, the collateral consequences will likely include defendant's deportation since she is not a United States citizen. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. The Court heard from defendant's family, who conveyed their disappointment in defendant as well as their willingness

to continue to support her as she seeks to rehabilitate her life. It is unlikely that defendant will engage in further criminal activity.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: November 8, 2013
Brooklyn, New York